Green, J.
delivered the opinion of the court.
Although, from' the inartificial manner in which this will is drawn it seems at the first view to be difficult to comprehend the meaning of the testator; yet, upon a close examination of this instrument, the difficulty disappears. The testator, contemplating the possibility of the marriage of his wife, has made a disposition of his property as applicable to the state of things which may exist, either upon her continuing sole, or upon the event of her marriage. If she continue soZe, she is to share equally with the children, and as any one of them may become of age, or marry, there is to be a division, and such one is to take its portion, which then vests absolutely in the child so becoming of age or marrying; the residue remaining in common, until another like event, when the same process is to take place, until at last, the mother and the remaining unmarried or infant child are to share equally in .the residue. But if she marries, there is to be an equal division with the children, and she is to take her share out of the common stock, leaving the portion belonging to the children still undivided. As any one of the children may become of age, or marry, a division is to take place among them, and the portion of such one is to be separated from the common stock, and held as his or her absolute property. And if any one of the children should die before becoming of age, or marrying, the portion of such one, is to vest in the survivors, the mother having no share of such portion.
The language of the will is, “if she marries, there is to be an equal division with her and my children of the whole property: there is to be a division each time that either of my children arrives at the age of twenty-one years, or marries, with them and my wife; if she marries, she is not to share with the children in their separate division; should either of them lose their breath entirely, she is not to share with mv children, neither.” The only pos *613 sible sense of this last clause, is, that as the wife is not to share with the children, if one of them die, as a consequence, the surviving children are to take the estate. To say that she shall not share with them, is, in effect, to say that they shall be exclusively entitled. Taking it for granted, that this is the plain sense of the will, it is a limitation of the estate to the survivors, upon the death of any one of them, before arriving at'full age or marrying. Although it is not expressly said, that the limitation is confined to a dying before marriage, or arrival at full age, yet, that is the plain meaning of the testator; because the estate is to vest in severalty on the happening of either of those events, and becomes absolutely the property of the holder; and because, in the clause under consideration, the testator speaks of the ‘‘separate divisions of the children,” as before stipulated, and in con-nexion with this, speaks of the death of any one of them, and says, that “in such case, she is not to share with my children, neither.” Here, then, he can only mean a death, happening before the time at which it is prescribed in the will, that'these separate divisions shall take place. It may also be observed, that this estate was an aggregate fund, and was bequeathed by the testators to his children as a class, and they took as tenants in common. In such case, if one die before the period when the division was to take place, that is, twenty-one, or marriage, the estate survives to the others, (3 Atk. 80, 1 Turner & Russell, 413, 415). The testator here clearly intended that, the estate should be kept in one aggregate mass, until the happening of some of the events upon which portions of it were to be taken out, leaving the balance still unbroken. It was the share of any one of his children, who might die before twenty-one or marriage, in this unbroken mass, that he intended to limit to the survivors. The language c.learly shows that he intended his estate should go by virtue of the will, and not be distributed under the statute. _ The very exclusion of the wife, who, by law, *614 would have been entitled, is proof of this; and when we add to this, the plain inference from the language of the will, that in the event of the death of one, “she is not to share with ray children,” it is put beyond doubt, and fixes the limitation to those children with whom she was not to share. It would be a strange construction to say, that he intended to exclude her if she married, and yet that he designed to let in the issue of such marriage.
If this' be the meaning of the will, the next inquiry is, whether there is any rule of law which will prevent the intention of the testator from taking effect. There surely is none. The children had no power to dispose of their estates within the time limited for the death to happen. It must occur, at the farthest, in less than twenty years. Then, as the testator had the power to give his estate to his children, to be divested upon the happening of a particular event, which must occur in less than twenty years, and having, as we think, made the limitation in this case, we are of opinion that his intention ought to be carried into effect, and that the decree be reversed, and a decree for complainants.
Decree reversed.